No. 13,524.

MIDLAND OIL REFINING COMPANY *v*. HEATING SERVICE AND OIL COMPANY.

(49 P. [2d] 937)

Decided September 16, 1935.

Mr. Isaac Mellman, for plaintiff in error.

Mr. Charles Rosenbaum, for defendant in error.

*En Banc.*

Mr. Justice Holland delivered the opinion of the court.

Plaintiff in error was defendant in the trial court, where plaintiff, defendant in error, obtained a judgment on a jury verdict for $2,020.07. To review this judgment, defendant has sued out a writ of error. The parties will be herein designated as they appeared in the trial court.

Plaintiff as buyer, and defendant as seller, entered into a contract September 22, 1932, for the sale and purchase of fuel oil. Defendant failed—to the alleged damage of plaintiff—to furnish the requirements of "paragraph 1" of the contract, which is as follows:

"1. The said buyer hereby agrees to purchase from and after the 24th day of September, 1932, up to and including the 31st day of March, 1933, not less than seventy-five thousand (75,000) gallons of furnace oil per month, and the said seller agrees to sell to said buyer during the aforementioned period up to ninety thousand (90,000) gallons of furnace oil per month at a daily average of approximately three thousand (3,000) gallons; said furnace oil to be of 32-36 gravity with 175-185 flash and 38-40 gravity with 165-175 flash, said furnace oil to withstand zero or lower temperature."

Plaintiff claimed this to be an absolute agreement for

sale and purchase, and contended for defendant's liability on its breach. The court apparently adopted this view, as determined by the tenor of its instructions to the jury. Defendant contended that this paragraph was modified by paragraph 8 of the contract, in that the rights, remedies and liabilities of the parties were fixed by said paragraph, which is as follows:

"8. It is further understood and agreed that if the said buyer shall at any time within the period of this agreement demand furnace oil as provided for herein from the seller and the said seller shall fail, refuse or neglect upon said demand to deliver said furnace oil as herein described then and in that event the said buyer shall have the right and privilege to purchase its said requirements elsewhere until such time as the said seller shall again deliver furnace oil as provided for herein. In the event that it becomes necessary for the said buyer to purchase furnace oil elsewhere as herein set out, (a) the said seller does hereby relinquish and release its assignment and lien on the accounts of the said buyer assigned in accordance with Paragraph five (5) and, (b) does hereby relinquish its right to payment at the end of thirty (30) days for purchases by said buyer and for which said buyer shall have received payment within such thirty (30) day period in such an amount as may be required by the said buyer to purchase said furnace oil elsewhere F. O. B. Denver, and (c) the said seller does hereby defer payment until June 1st, 1933, of its account to the extent of the amount required by said buyer to purchase said furnace oil elsewhere, provided however, that the said seller shall be entitled to an assignment of all of the accounts of the said buyer from and after the thirty-first (31st) day of March, 1933. It is further understood and agreed that when the said seller shall again be able to make delivery of furnace oil as provided for herein, that the said buyer agrees to purchase said furnace oil from the said seller, and that all of the conditions, terms and provisions of this contract

shall again be in full force and effect, and the said seller shall be entitled to the payment and assignments as provided for in Paragraphs 4 and 5 hereof.''

The defenses, based on this paragraph of the contract, were presented by a general demurrer to the complaint, which was overruled; by the second defense in the answer; by motion for nonsuit and motion for new trial. The substance of other material parts of the contract is to the effect that plaintiff should give to defendant a complete list of all its customers, and on the first of each month, a list of new customers to whom oil was furnished the month preceding, and at any time that defendant felt insecure, defendant was entitled to an assignment of the accounts of plaintiff and if such assignment was not made, defendant could notify plaintiff's customers.

From a casual reading of the contract, it is apparent that both parties realized the uncertainty of full performance and made provision therefor, in that certain benefits were to inure to either party upon nonperformance by the other. The relative rights of the parties were determined by their own words of agreement in paragraph 8, which undoubtedly were intended to, and do, control as to damages, if any. No other purpose would have called for such provisions of the contract, and when so fixed and agreed upon, it was an establishment of the limitations of the benefits and liabilities, and the remedy thus provided is to the exclusion of all others. If these were improvident provisions of the contract, we cannot offer a substitute. Only a breach of these conditions or an interference with their performance would provide grounds for damage. From the record herein, we find that no such breach was alleged or proven.

Plaintiff centered its cause of action upon paragraph 1 of the contract and claimed its damages on the failure of defendant to deliver. If this was the entire contract, a proper measure of relief might be available. Plaintiff cannot select certain portions of the contract, beneficial

to it, to the exclusion of other provisions it had made and agreed upon. It is evident that the parties themselves understood the uncertainties surrounding the performance of this contract and meant by its provisions to allow for—upon consideration to be given—the failure of performance. This intent is so apparent from the contract that it controls its construction, and effect must be given to the document as a whole.

Plaintiff, in failing to base its cause of action on the remedy provided in the contract in case of nonperformance, failed to state a cause of action, and the demurrer of defendant to the complaint should have been sustained.

Error has been assigned to the giving of alleged improper instructions and to fixing an erroneous measure of damage. In view of the conclusions above reached, it is unnecessary to discuss these assignments.

Judgment is reversed with directions to sustain the demurrer, and for such further proceedings as may be proper in accordance with the views herein expressed.

MR. JUSTICE BOUCK dissents.